| 63 | 549 |
| 78 | 660 |
| 63 | 549 |
| 81 | 521 |
| 63 | 549 |
| 87 | 344 |
| 63 | 549 |
| 91 | 401 |

## THE M. P. R'Y CO. ET AL. v. R. P. WATTS.

(Case No. 1954.)

1. INJURY BY FELLOW-SERVANT.— When employees serve the same employer, labor under the same control, and derive their authority and receive compensation from the same general business, they will be considered as fellow-servants, though they may be of different grades, or operate in different and distinct departments of the common service.

2. SAME — ASSUMING RISKS — DAMAGES.— One who seeks and accepts employment usually assumes all the risks incident to it, and generally it is not the duty of the employer to instruct him in the rules applicable to the service, unless information be asked, or the employee is known to be ignorant and inexperienced regarding dangers peculiar to the service.

3. SAME.— If the service be dangerous, it is the duty of the employer to use all reasonable and necessary means to protect one employed against any super-added danger that might be expected to arise from extrinsic causes. Hence, if one be put to work to repair a car on a switch to the main railway track, it is incumbent on the railway company to use due care to protect him from danger arising from passing engines, or other extrinsic dangers, while thus engaged.

4. LESSEE OF RAILWAY, ITS LIABILITIES.— The lease of a railway effects a transfer to the lessee of the rights and liabilities in its management; thus the corporation owning the railway is discharged from responsibility for the *torts* of the lessee.

APPEAL from Anderson. Tried below before the Hon. Peyton F. Edwards.

Suit by R. P. Watts against the Missouri Pacific Railway Company and the International & Great Northern Railroad Company, for damages for personal injuries inflicted on him while he was in the employment as a servant of the Missouri Pacific Railway Company, lessee of the said International & Great Northern Railway Company. He claimed that he was damaged in the sum of $6,000. The appellants (as defendants below) answered:

1st. That they were "not guilty."

2d. That if any injuries were inflicted it was done by a fellow-servant in the common employment and that the risk was assumed by appellee.

3d. That, if any injury was inflicted, appellee contributed thereto by his negligence.

Verdict and judgment for Watts for $2,500.

The points presented are sufficiently indicated. The evidence shows that appellee sought and procured employment as car repairer at Palestine; he was employed by Shipman, who was at the head of the repair department, and who directed appellee to go to Burk, a foreman of repairs, for directions as to the work. Burk placed him to work between two freight cars standing on one of the repair switches, sawing out the end of one of the cars, while he (Burk) went to the shop for material to repair the car. While absent an engine was backed in on the switch with a broken car, which struck one of the cars standing on the track, and that forced the cars together and crushed appellee, inflicting upon him serious injury. Before the engine was backed in with the broken car, the foreman of the yard went down the switch and called out to the workmen to look out for the engine; that this was the rule or regulation of the company in giving the notice.

Appellee, as he was sawing, did not hear the warning, and his position was such that he could not see the approaching engine and car.

The evidence shows that Bradford, the yardmaster (whose duty it was to warn Watts of danger when bringing a car on the track, and who gave the warning), and the engineer and fireman were employed and discharged by the train dispatcher, manager of the *operating* department; and the others, including Burk, head carpenter, and laborers were hired and discharged by Shipman, the manager of the *repair* department. The cars were inspected — moved to the tracks for repair, repaired and carried away again, in the following manner: When a train of cars comes in the yard and stops, two men, called inspectors, examine each car. If they find they are out of repair they mark on it "out of order." The yardmaster directs the engineer who operates only in the yards to remove it to the repair tracks. The engineer hauls it to the end of the repair tracks. The yardmaster designates the track it is to be moved on. Before the engine moves it on the track, he (yardmaster) walks down the entire track and notifies any in danger, and at the end of the cars next to the coming engine, halloos, "Look out!" and then the engineer rings the bell and slowly pushes the car ordinarily to within twenty or twenty-five inches of the standing car nearest to him. It appears that Bradford did not see Watts on account of the noise made by his work, and Watts did not hear him; and the engineer did not stop the moving car, whereby he was injured.

The court, among other things, also charged: "When a servant is placed by his superior in a position which is apparently safe, and may become unsafe by some means of which the servant is not aware, *or which he cannot ascertain by the use of ordinary diligence*, it is the duty of the superior to inform the servant of such danger, and if the servant, while executing the command given him in a proper and careful manner, is injured by an act of which he had no notice, the master is liable for such injury."

The court also refused to give the following charge, viz.: "If at the time plaintiff Watts accepted service from defendants as a repair carpenter on the tracks, by the usage and custom of the defendants, warning of danger from an approaching engine was given by ringing the engine bell, that he, Watts, engaged in the service subject to the said usage and custom, and cannot recover on the ground that he did not have other or different notice of danger."

*John Young Gooch*, for appellant, cited: Robinson v. H. & T. C. R'y Co., 46 Tex., 540; Wall v. Tex. & Pac. R'y Co., Tex. L. Rev., vol. 4, No. 3; G., H. & S. A. R'y Co. v. Drew, 59 Tex., 11; Tex. Mex. R'y Co. v. Whitmore, 58 Tex., 287; Railroad Co. v. Myers, 55 Tex., 110; Price v. H. D. Nav. Co., 46 Tex., 535; Pierce on Railroads, pp. 359, 364; Wood on Master and Servant, secs. 326, 425, p. 809; Farwell v. B. & W. R. R. Co., 4 Metc. (Mass.), 49; Railroad Co. v. Oram, 49 Tex., 341; Mo. Pac. R'y Co. v. Lyde, 57 Tex., 509; Pierce on Railroads, 370; Watson v. R. R. Co., 58 Tex., 438; Flanagan v. C. & N. W. R'y Co., 45 Wis., 98.

*W. Q. & Frank Reeves*, for appellee, cited: Howard Oil Co. v. Farmer, 56 Tex., 301; H. & T. C. R'y Co. v. Marcelles, 59 Tex., 334; Am. L. Reg., vol. 14 (N. S.), p. 725; Wall v. T. & P. R'y Co., Tex. L. Rev., July 22, 1884; Railway Co. v. Fort, 17 Wall., 553; Law of Master and Servant (Wood), secs. 353, 439, 415, 349 and notes 354, 355, 439; Pierce on Railroads, p. 376; Thompson on Neg., vol. 2, p. 979, sec. 9; Law of Negligence (Wharton), sec. 206; Wait's Actions and Defenses, vol. 4, p. 417; Law of Damages (Field's), sec. 185; Moak's Underhill on Torts, p. 56, rule 15, notes 3 and 4.

Watts, J. Com. App.— Undoubtedly the charge of the court upon the issue as to fellow-servants is not in accord with the generally received doctrine in this state. It is now settled that where employees serve the same master, labor under the same control, derive their authority and receive their compensation from the same gen-

eral business, notwithstanding they may be of different grades, or operate in different and distinct departments of the common service, nevertheless they will be considered fellow-servants. Robinson v. H. & T. C. R'y Co., 46 Tex., 550; Dallas v. G., C. & S. F. R'y Co., 61 Tex., 202; H. & T. C. R'y Co. v. Rider, 4 Tex. L. Rev., 292; T. & P. R'y Co. v. Harrington, 5 Tex. L. Rev., 100.

. As applicable to the facts of the case the court in substance instructed the jury that if the appellee was inexperienced as to the operation of the business upon the repair tracks, that it was then the duty of appellant to instruct him as to the rules and regulations respecting the same. This instruction is not correct. By seeking and accepting the service the appellee assumed all the risks incident to the employment. It was not the duty of appellant to instruct him respecting the rules, regulations and usages by which the service was governed, unless asked for such information, unless the employee was known to be an inexperienced person in the business, and in its transaction subject to danger not open to his observation, known to the employer.

For in accepting the employment he assumed to understand the service, and to be in every way competent to discharge the duty, unless in the contract of employment the appellant had assumed to instruct him with reference to his duty and the dangers incident to the service. Watson v. H. & T. C. R'y Co., 58 Tex., 438.

Where the employee is engaged in a dangerous service, it is the duty of the master to use all reasonable and necessary means to protect him against any superadded danger that might be reasonably expected to arise from extrinsic causes. In such cases the greater the peril to the servant on account of the nature of the service, so also the greater the degree of care and prudence exacted of the master in protecting him against an increase of the danger arising from extrinsic causes. Wall v. T. & P. R'y Co., 4 Tex. L. Rev., 38.

As presented by the record, it appears that this case was not tried and determined upon the real question involved. The real issue is as to whether or not the means provided by the company for protecting its employees engaged in repairing cars upon the repair tracks against danger arising from extrinsic causes, such as the use of these tracks in operating its engines, were reasonably sufficient to afford the protection. For having placed its servants at labor upon these repair tracks, it was incumbent upon the company to use due care in protecting them against danger arising from these extrinsic causes. If the jury should determine from the evidence that the degree of care used by appellant in this regard was reasonably sufficient, then no

recovery could be had against it for the injury. But if the jury should find from the evidence that the degree of care used was not reasonably sufficient, then the company would be liable for the damages resulting from the injury.

As presented by the record there is no question as to the negligence of co-employees in the case. It appears that all who were there engaged fully discharged the respective duties allotted to them, and that none of them are chargeable with negligence. As before remarked, the real question is as to whether or not the company is chargeable with negligence in failing to use due care in protecting appellee against the danger.

It is alleged and shown that at the time of the injury appellee was the servant of the Missouri, Kansas & Texas Railway Company. That company had previously leased the road and property of the International & Great Northern Railroad Company, and was in charge of, and operating, the same at the time of the injury.

"The lease of a railroad, under due authority of law, effects a transfer of rights and liabilities in its management, so that the corporation owning the railroad is discharged from responsibility for the lessee's torts." Pierce on Railroads, p. 283, and note 6.

In accordance with that doctrine the International & Great Northern Railroad Company would not be liable to appellant for the damages arising from the injury.

Our conclusion is that the court erred in the several particulars indicated, and that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted March 20, 1885.]