## Texas & New Orleans Railway Company v. L. Echols.

### No. 173.

**1. Master and Servant—Duty of Master—Complex Business.**

The rule of law as to when it becomes the duty of the master to make rules for the safety of employes is well stated by Mr. Wood in his work on Master and Servants, thus: ''If a master is engaged in a complex business that requires definite regulations for the safety and protection of his employes, a failure to adopt proper rules, as well as laxity in their enforcement, is negligence per se, and the establishment of defective or imperfect rules is such negligence as renders the master responsible for all injuries resulting therefrom'' ..................................................... 344

**2. Rules for Employes.**

We find no support for the proposition that in a business which involves no exercise of peculiar skill, in which there is in use no dangerous machinery, or that in itself does not involve extra hazard to the servant, an employer is required to make and enforce extra rules for the performance of the work. 344

**3. Same—Ordinary Risks.**

Where, as in this case, the work to be done is of that character which could be performed and understood by any laborer of common intelligence, there was no greater danger in its performance than attends any work commonly done in the ordinary avocations of life. In such case no duty lies upon the master to make and enforce rules for the work. This applies to all employes where the business is such that the danger exists by reason of the very nature of the service ........             ............................... 345

**4. Same—Fact Case—Handling Railroad Ties.**

The business of handling railroad ties—piling them up and then removing them —is not such as requires the master to adopt and enforce rules to keep employes from danger from the ties falling............................. 345

**5. Findings by Court of Civil Appeals.**

Where on appeal the Court of Civil Appeals ignores the issue upon which the case was tried in the District Court, but sustains the judgment upon another issue, such finding is virtually against the plaintiff upon the issue ignored. This court is bound by such finding, at least when the evidence is conflicting....................................................... 346

Error to Court of Civil Appeals for First District, in an appeal from Liberty County.

Echols sued for damages for personal injuries suffered from alleged negligence of the railway company, while he was in its employ.

The nature of the employment and the circumstances of the injury are set out in the opinion of the court.

On the trial in the District Court verdict was rendered for plaintiff for $15,000. Pending a motion for new trial by the defendant the plaintiff filed a remittitur for $6000, and the judgment was rendered for $9000. The defendant appealed. The judgment was affirmed in Court of Civil Appeals.

*Perryman, Gillaspie & Bullett,* for plaintiff in error.—1. To have entitled the plaintiff to recover in the court below it was necessary for him to establish by a fair preponderance of evidence the following facts: (1) That the character of the work that he was employed to perform was such that it would have been ordinary negligence on the part of plaintiff in error not to have established rules and regulations for conducting it. (2) That plaintiff in error had failed to provide and promulgate or establish any rules or regulations for the safety of employes engaged in work on the premises where the defendant in error claims to have been injured. (3) That defendant in error did not know and could not have known by use of ordinary care, that such rules and regulations had not been provided or promulgated. (4) That the plaintiff in error was negligent, and that defendant in error used due care on his part. Railway v. Crowder, 61 Texas, 262; 63 Texas, 504; Railway v. Schertle, 2 Am. and Eng. Ry. Cases, 158; Coran v. Railway, 133 Mass., 507; Rusk v. Railway, 28 Am. and Eng. Ry. Cases; Hewitt v. Railway, 31 Am. and Eng. Ry. Cases, 249; Railway v. Hall, 78 Texas, 657; 14 Am. and Eng. Encyc. of Law, 845; 16 Id., 454, note 1.

2. We submit that the work that defendant in error was engaged in at the time he was injured was not such that the company was called upon to establish any rules and regulations, any more than it would be the duty of a private person to establish rules and regulations for the conduct of persons he might employ to pile cordwood or to perform any service that did not require scientific knowledge, and which any ordinary person would be presumed to understand the manner of performing. 24 S. W. Rep., 723; Railway v. Alcock, 52 Ark., 406; Vedder v. Fellows, 20 N. Y., 126; Railway v. Whitleman, 143 Me., 420; Hobbs v. Railway, 49 Ark., 357; Rush v. Railway, 28 Am. and Eng. Ry. Cases; Railway v. Watts, 63 Texas, 549; Railway v. Murphy, 46 Texas, 363; 14 Am. and Eng. Encyc. of Law, 908; 22 Id., 277.

*Goldthwaite, Ewing & Ring,* for defendant in error.—From the facts alleged in the petition it was shown how the premises were rendered dangerous by reason of defendant's neglect to establish proper rules and regulations, and neglect to exercise proper supervision over plaintiff's coemployes. To have gone further, and have alleged that such rules "were necessary in the kind and character of work in which plaintiff was engaged," would have been superfluous. Wood's Mast. and Serv., 329, 348, 355, 394, 396; Railway v. Harriett, 80 Texas, 73; Railway v. Whitmore, 58 Texas, 281; Railway v. Hall, 78 Texas, 658.

The test in determining the liability of an employer to an employe is, was the injury the result of negligence on the part of the employer? In other words, would the accident have been averted had the employer, with respect to some circumstances connected with it, exercised

ordinary care for the protection of the employé? Or stating it in another way, the question simply is, was the employer to blame for the accident? The circumstances under which an employer, judged by this rule, may be blamable, and for which recovery may be had, are innumerable. ' Thus, an accident occurs for lack of the usual number of brakemen on a train, and a recovery is had because the employer failed to exercise reasonable care in seeing that the train was manned with a sufficient crew. Wood's Mast. and Serv., secs. 394, 396. So also when a special train was sent out without a conductor, and a collision occurred which would probably have been averted had a conductor been present, a recovery was allowed because of the negligence of defendant in sending the train out without a conductor. Railway v. Harriett, 80 Texas, 73. And where the employer fails to exercise ordinary care in the matter of selecting a servant competent to perform the duties of the position in which he is placed, and an accident to a fellow servant results therefrom, a recovery is permitted. Railway v. Whitmore, 58 Texas, 281.

Again, a green hand was employed in a foundry. It was a part of his duty to remove molten slag from the furnace; not having been warned that an explosion would occur should the slag come in contact with water, he emptied it in a puddle of water on the floor, and was injured. In this case the employer was held liable on account of his negligence in failing to warn the servant of this danger. Wood's Mast. and Serv., sec. 355. So also where the employer failed to warn a servant that the possession of a tract of land on which he was sent to work was resisted, and that resort to arms in reference to it was threatened, and the servant was shot, the master was held liable. Wood's Mast. and Serv., sec. 355. Again, where the railroad company adopted no rules or regulations or other reasonable precautions for the protection of car repairers from incoming trains, the company was held liable. Railway v. Hall, 78 Texas, 658. So also where a pile of cinders was left on the track (Railway v. Bond, 20 Southwestern Reporter, 930), and also where the method or plan employed in building a bridge was improper. From such cases as these the courts have evolved certain general rules defining the duties and liabilities of the employers. Thus, it is a general rule that the employer must furnish reasonably safe machinery; that he must warn the servant of extrinsic hazards; that he must establish reasonable rules and regulations for the conduct of his business; that he must furnish and maintain reasonably safe premises, etc. But ability to bring a particular case within the letter of any one of these rules is not the true test of liability. We go behind the rule to the principle on which it rests, and that principle is that the master, under all circumstances, must exercise reasonable care to avert injury to the servant. "The measure of the master's duty is reasonable care, and this necessarily

has relation to the parties, the business in which they are engaged, and varies according to the exigencies which require vigilance and attention conforming in amount and degree to the circumstances under which it is to be exercised." Wood's Mast. and Serv., sec. 329. "The master must take due care not to expose his servant to unreasonable risks, * * * whether animate or inanimate; he is bound to exercise care and prudence as to those in his employment by not exposing them to unreasonable risks and dangers; and the servant has a right to understand that the master will exercise that diligence in protecting him from injury." Id., sec. 348. In Railway v. Hall, 78 Texas, 659, our own Supreme Court approved the following charge: "It is a duty resting upon railroad companies for the protection of their employes to adopt reasonable rules, regulations, or methods for conducting their business, such as will, if properly pursued and carried into effect, afford a reasonable degree of safety to its employes while engaged in the discharge of their duties against extraordinary or unnecessary dangers."

Apply to the petition and facts in this case the simple test whether or not the defendant company was to blame for the accident to plaintiff. We allege in effect that by reason of defendant's failure to exercise reasonable care in the promulgation of rules and in the superintendence of its business, to the end of seeing that the premises were kept in a reasonably safe condition, the defendant negligently permitted the stack in question to be left in such a condition from displacement of ties as would likely cause the ties to fall and do injury to plaintiff or his associates. The evidence shows that no superintendence was exercised in reference to the matter complained of; that no foreman was employed over the night gang; that no reasonable rule or method for conducting defendant's business was adopted, by which the members of the night gang would have been instructed or controlled so as to have secured, had the instructions or methods been carried into effect, the throwing down of the partially removed stack of ties before quitting work that morning. The court did not therefore err in holding that the petition presented a good cause of action.

BROWN, ASSOCIATE JUSTICE.—The Texas & New Orleans Railway Company, jointly with other railroads, owned and operated creosote works near the city of Houston, for the purpose of treating ties. There was a large number of ties in the yard stacked between two tracks and extending from near the one to near the other track. The south track was used to carry the ties to the works from the stacks by placing them on trucks or cars for that purpose, taking them from the stacks. The ties were in stacks about eight feet high, one tie upon another. The ties from bottom to top of the stack was called a tier, and each tie was about eight feet long and eight inches wide. When the ties were brought into the yard for treatment the cars were unloaded from the

north track and stacked, beginning near the south track and extending back to a point within about four feet of the north track. There were two gangs of hands that worked at night removing the ties to the works, beginning at the south track and taking them back to the north track. The hands employed on the night before the injury occurred removed all of a stack except about four or five tiers near to the north track, but left that remnant standing without bracing or other security against falling over. A gang of hands to which Echols belonged commenced work to unload a car of ties on the north track on the morning he was injured. Echols was employed on the 1st of March, and was injured on the 3rd of that month. He had worked there for two or three months before that time; that is, at a time previous to this employment. Echols and his gang were ordered to push a car down the north track to an opening, and, a train following them, they walked on the side of the car to push it. When he, Echols, got opposite to the remnant of the stack left by the night gang, it fell towards him and caught him between the car and the ties, breaking his leg.

He sued the Texas & New Orleans Railway Company for damages, alleging, among other things, that it was negligent in failing to make and enforce rules to govern the gang removing the ties to the works in the performance of their work, and especially as to the manner in which remnants of stacks should be secured. He recovered judgment against the railroad company, which was affirmed by the Court of Civil Appeals.

The Court of Civil Appeals found, as a conclusion from the evidence, that "the defendant had adopted no rules or precautions for the protection of the men unloading the cars against liability to injury from the falling of the remnant of the stacks, and by which they would be left in a reasonably safe condition."

Plaintiff in error presents a number of objections to the judgment, but we will consider one only, as the others are either not well taken, or are embraced in the one considered. Defendant asked the court to give this charge to the jury: "The evidence being insufficient to warrant a verdict for the plaintiff, you will return a verdict for the defendant, the Texas & New Orleans Railroad Company." It was refused.

There is no evidence of negligence on the part of the defendant, other than a failure to make rules to govern the hands as to what should be done to secure the remnant of stacks. We must consider this case, under the findings of the court and the manner of its presentation here, as if that finding was fully sustained by the evidence.

Whether or not the evidence is sufficient to show a case in which the duty to make rules rested upon the defendant is a question of law for the court. If the facts raised that issue it should have been submitted to the jury; otherwise it should not. When submitted to the jury, the reasonableness of such regulations is a question for the jury.

The rule of law as to when it becomes the duty of the master to make rules for the safety of employes is well stated by Mr. Wood in his work on Master and Servant, thus: "If a master is engaged in a *complex* business that requires definite regulations for the safety and protection of his employes, a failure to adopt proper rules, as well as laxity in their enforcement, is negligence per se, and the establishment of defective or imperfect rules is such negligence as renders the master responsible for all injuries resulting therefrom." Wood's Mast. and Serv., sec. 403; 3 Wood's Ry. Law, sec. 382. This rule is quoted and approved in Reagan v. Railway, 93 Missouri, 348, and in Morgan v. O. & I. Co., 31 N. E. Rep., 234. This question has been before this court in the following cases: Railway v. Watts, 63 Texas, 552; Railway v. Smith, 76 Texas, 618, and Railway v. Hall, 78 Texas, 658. In the first case this court said: "Where the employe is engaged in a dangerous service, it is the duty of the master to use all reasonable and necessary means to protect him against any superadded danger that might be reasonably expected to arise from extrinsic causes. * * * For having placed its servants at labor upon these repair tracks, it was incumbent upon the company to use due care in protecting them against danger arising from these extrinsic causes." In the other cases the court followed Railway v. Watts. It will be seen that the rule laid down is substantially the same as quoted from Wood on Master and Servant.

In Railway v. Watts, 63 Texas, 552, the injured party was engaged in repairing cars on a repair track, standing between the cars, when an engine backed down against the car at which he was employed, injuring him. Railway v. Hall was a similar case, and in Railway v. Smith the plaintiff was on a train on the road, and for want of orders the train collided with another train, whereby he was injured. In each of these cases the servants were engaged in hazardous employments in which they were exposed to dangers arising from the acts of other employes by which they were liable to injury, unless some system were adopted by which such employe would be warned of the approach of danger.

In Abel v. President, etc., 103 New York, 581; Sheehan v. Railway, 91 New York, 332; Railway v. Lavalley, 36 Ohio State, 221; Reagan v. Railway, 93 Missouri 348 (quoted above); Morgan v. O. & I. Co., 31 Northeastern Reporter, 234; and Corcoran v. Railway, 126 New York, 673, the facts showed that the business in which the servants were engaged was of a hazardous nature. In all of these cases the same doctrine is announced. We have carefully examined the authorities, and find no support for the proposition that in a business which involves no exercise of peculiar skill, in which there is in use no dangerous machinery, or that in itself does not involve extra hazard to the servant,

an employer is required to make and enforce extra rules for the performance of the work.

In this case the work to be done was of that character which could be performed and understood by any laborer of common intelligence; in its performance there was no danger greater than attends any work commonly done in the ordinary avocations of life. The reason for the rule requiring of the master the precaution of prescribing regulations for the discharge of such duties does not exist here, and therefore the rule does not apply to this case.

The same requirements apply to all employers, railroads, manufacturers, merchants, farmers, and in fact in every branch of business when the business is such that the danger to the servant exists by reason of the very nature of the service to be performed; and it applies to neither when that danger may not be reasonably anticipated on account of the character of the work.

Suppose that a citizen of the city of Houston had been running a woodyard with hands employed hauling and stacking cordwood, and at the same time other hands taking down the stacks of wood and delivering it to customers. The same danger would exist as in this case, that a stack of wood eight feet high left unsecured, with a narrow base, might fall upon one passing, in discharge of a duty in the yard. The same reason for the owner of the woodyard to make rules for the performance of this duty would arise out of this state of facts. Indeed, there is scarcely an employment in which labor finds remuneration that is not attended by some dangers arising out of the negligence of coemployes. The rule is a sound and salutary one when applied to cases involving extra risks, but it would be burdensome to all characters of ordinary business if extended beyond the necessity out of which it originated.

There was no evidence in this case of negligence on the part of the railroad company, and the court erred in not giving the charge requested, for which error the judgments of the District Court and Court of Civil Appeals are reversed, and the cause remanded to the District Court for trial.

*Reversed and remanded.*

Delivered June 14, 1894.

## ON MOTION FOR REHEARING.

BROWN, Associate Justice.—In his petition the plaintiff below, Echols, sought to recover damages from the railroad company for injuries alleged to have been received while in its employ. The substance of the allegations of the petition on the subject of the negligence of defendant are stated in the petition in the following propositions:

"1. By the negligence of the defendant in permitting the said stack of ties to be left in an unsafe and dangerous condition, and in failing

in the superintendence and control of its business in that regard to see that its premises were maintained in a reasonably safe condition.

"2. By the negligence of the defendant in failing to use ordinary care to provide the plaintiff with a reasonably safe place at which to work, and to see that such place was kept in a reasonably safe condition.

"3. By the negligence of the defendant in failing to establish proper rules and regulations in respect to the condition in which the stack of ties, when partially removed, should be left, whereby the danger would have been obviated," etc.

The trial court submitted the case to the jury upon the issue as to whether or not the place was reasonably safe, upon which a verdict was returned for the plaintiff.

The Court of Civil Appeals ignored this issue, and found that the railroad company was guilty of negligence and liable to the plaintiff, because it did not prescribe rules and regulations for the performance of the work whereby plaintiff would have been protected from the negligence of other employes. By this they virtually found against the plaintiff on the issue upon which his case was tried in the District Court. In fact, the court discredits the only evidence upon which plaintiff's claim that the place was rendered unsafe by reason of the improper directions of the defendant's foreman, is based, and finds that no directions were given for the securing the remaining portion of a stack of ties. This court is bound by the facts found by the Court of Civil Appeals, at least when the evidence is conflicting, as in this case, and we have no authority to go behind the action of that court, whatever our opinion might be on the subject. If the Court of Civil Appeals had found that the foreman of the defendant gave directions as to the manner of securing the broken stacks, which caused them to be left in a dangerous condition, this court would have been bound by that finding upon conflicting evidence, and we are equally bound when the court has found that no such directions were given. It is the province of the jury first to pass upon the facts, and the Court of Civil Appeals is vested with the authority to review their finding thereon, but this court has no such authority, if there be any evidence to sustain the conclusions of the Court of Civil Appeals. If we should do as requested and look to the facts, this court would usurp the authority of another court, and deprive the defendant of his right to have the judgment of the Court of Civil Appeals upon the questions of fact.

We have carefully reviewed the opinion heretofore filed and find no error in it; we therefore overrule this motion for a rehearing.

*Motion overruled.*

Delivered December 4, 1894.