EDWARD SANNER v. ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY.

Delivered November 24, 1897.

**1.  Master and Servant—Fellow-Servants at Common Law.**

The foreman of a switch engine is, under the common law rule, a fellow-servant of a brakeman of a freight train over whom he has no control, and who is neither employed nor subject to be discharged by him.

**2.  Same.**

A railroad company may, under the common law, subject to its duty to provide proper rules, commit the handling of its trains and cars upon its road and in its yards to its employes so as to avoid liability to them from negligence in the handling of the same.

**3.  Same—Duty of Providing Rules.**

A master is bound to provide proper rules for the conduct of the work where the operations engaged in are of a complex nature or such as to expose the servants to unusual or extra hazard, but to impose such duty, the danger to be guarded against must be one which will probably occur, and is to be anticipated from the character of the work.

APPEAL from El Paso.   Tried below before Hon. C. N. BUCKLER.

*Millard Patterson* and *W. B. Brack,* for appellant.—It being shown that Sanner was a member of the train crew, and in no way connected with the crew of the switch engine or the yard crew, and that his train was made up ready for the engine standing on a sidetrack, while he was in the discharge of his duty attaching the engine to his train, the defendant owed him the duty of protection from any incoming train, engine, or car. It was the master's duty to protect him and look out for his safety while he was in such a position, and the negligence of Cramer in having an engine or car run into the rear of Sanner's train was the negligence of the master. In so far as the performance of this duty of care and protection was concerned, Cramer stood in the place of the master. No other person was in a position to discharge this duty. Railway v. Reed, 32 S. W. Rep., 1059; Railway v. Finley, 32 S. W. Rep., 51; Railway v. Tripplett, 11 Law Rep. Ann., 774; Railway v. Crane, 35 S. W. Rep., 799; Railway v. Williams, 75 Texas, 7; Schroeder v. Railway, 18 Law Rep. Ann., 830; Herdler v. Stove Co., 37 S. W. Rep., 115; Davis v. Railway, 45 Am. Rep., 593.

*J. W. Terry,* for appellee.—The plaintiff's testimony showing that, if he was injured by the negligence of any one, it was by the negligence of the foreman of the switching crew, who was a fellow-servant of plaintiff, the court properly charged the jury to find for the defendant.   Dallas v. Railway, 61 Texas, 196; Railway v. Rider, 62 Texas, 267; Railway v. Harrington, 62 Texas, 597; Railway v. Watts, 63 Texas, 549; Railway v. Blohn, 73 Texas, 637; Railway v. Johnson, 83 Texas, 628; Campbell v. Cook, 86 Texas, 630; Corona v. Railway, 17 S. W. Rep., 384; Railway v. Welch, 72 Texas, 298; Railway v. Poirer, 167 U. S., 48; Martin v. Rail-

way, 166 U. S., 399; Oakes v. Mase, 165 U. S., 363; Railway v. Keegan, 160 U. S., 259; Railway v. Hambly, 154 U. S., 349; Randall v. Railway, 109 U. S., 478; Q. S. Co. v. Merchant, 133 U. S., 375; Railway v. Peterson, 162 U. S., 346; Railway v. Charless, 162 U. S., 359; Price v. Railway, 145 U. S., 36.

JAMES, CHIEF JUSTICE.—The material facts relative to the issue of fellow-servant were as follows: Sanner was brakeman of one of appellant's freight trains, which was preparing to leave the yards at Las Vegas, New Mexico. He had gotten the engine from the roundhouse and was in the act of attaching it to the train (which was in the performance of his duty), when by the act of the foreman of the switch engine the train was struck from behind by other cars running upon the track upon which the freight train was standing, and appellant's hand was crushed. Appellant was not under the control of the said foreman. His duties were in connection with the train, and he was subject to the orders of its conductor.

The injury occurred in New Mexico, and our statutes upon the subject of fellow-servant have no application. It was agreed that there were no such statutes in force in New Mexico, and that the case is controlled by the rules of the common law. The common law, as understood and administered in this State prior to our fellow-servant statutes, clearly settles this issue in favor of the existence of the relation. It seems to be urged that the foreman of the switch engine, being charged with the duty of moving cars in the yards of appellee, as to such acts, stood in the place of appellee, and his negligence was that of the master. He would, if he had the power to employ and discharge the men under him (which the evidence shows he did not have), have been deemed the vice-principal as to them. Receiver v. Cook, 86 Texas, 635; Railway v. Williams, 75 Texas, 4; Railway v. Smith, 76 Texas, 618; Railway v. Reed, 88 Texas, 439.

It is not conceivable how, if he was not vice-principal as to his crew, he could be considered such as to an outside employe. The case here is one in which the foreman sought to be charged as vice-principal had no authority of any kind over the employe injured, and we hold that as to him there was no relation that did away with the rule of fellow-servant.

It is further contended that when plaintiff's train was ready, and he notified by the switch foreman to get the engine and attach it to the train, the company owed him the duty of protection against the train being moved. There are certain duties which are incumbent upon a railway company to perform with reference to the safety of its servants which it can not absolve itself from by imposing them upon its servants. The duty to furnish a safe track, the duty of inspection, to employ competent servants, and the like are of this class. Railway v. Reed, supra. In special cases the law also imposes the duty of adopting and enforcing rules for the government of its employes, and this being the subject of a separate assignment, will be considered later. The mere handling of trains and cars upon its road or yards it may commit to its employes, and in re-

spect to such work it does not owe its employes the duty of seeing that cars are safely handled, or that no servant is negligent, and it is not liable in such cases to one employe for the negligence of the other, so long as it has performed its duty in the employment of the latter, or in prescribing rules, where the same are required.

The court in this case charged the jury to return a verdict for the defendant. Appellant insists that the court erred in withdrawing from the jury, the question whether or not defendant was negligent in not providing by rules for protecting trains, that had been made up ready for engines, from interference by other trains or cars while brakemen were in the act of coupling them to their engines. Assuming that this form of negligence—the failure to make and enforce a rule as indicated in the above assignment—was an issue within the pleadings, we are of opinion that the evidence was not such as required its submission. It was in evidence that the railroad tracks at Las Vegas would hold about 700 cars, and that there were twenty-four sidetracks and spurs in the yard. Aside from this, there is nothing to show that the operations there conducted were ever of a complex or unusual character. It appears that at the time of this event there was but this one switch engine in use in the yard, viz., the one that made up this train. There was no evidence that it was the practice of railways for rules to be promulgated for the government of employes about yards, and there is nothing in the evidence from which it would appear that the character of the work done in this yard involved extra hazard to the employes, and therefore that occasion existed for the making of rules. Railway v. Echols, 87 Texas, 344.

It is required of the master that he make and enforce reasonable rules in certain cases for the conduct of his business by his employes, looking to their protection against accidents. In the case just cited the conditions that render rules necessary are stated, and from that decision and others the rule appears to be that when the operations engaged in are of a complex nature, or such as to expose the servant to unusual or extra hazard, the duty to make rules devolves on the master. It would seem that to impose this duty the danger to be guarded against must be one that would probably occur and is to be anticipated from the character of the work. Here the evidence fails to show that operations at these yards were at the time of this occurrence, or ever, of complex character, or that the risk which plaintiff was exposed to on this occasion was in any respect greater or different from that he was usually exposed to in the dangerous service he engaged in.

The position taken by appellant is that the train had been made up by the foreman and the appellant notified by him that the train was ready for the engine. After the train crew thus took charge of the train, it was contrary to the plainest conception of ordinary care for it to be moved by the switch engine. The foreman, it appears, knew this, for in his testimony he states that the train was not ready, and he had not informed the brakeman that it was, and was still engaged in making up the train when plaintiff was injured. It thus plainly appears that, upon the facts as

claimed by appellant and upon which he predicates the necessity or propriety of a rule in view of that state of facts, the foreman knew that he should not allow the train to be moved by his engine after it was made up and turned over to the trainmen. He knew this as any person of ordinary capacity would, from a common instinct of prudence. The injury, under the circumstances in evidence, was not reasonably to be anticipated from the conduct or nature of the business, and did not demand the adoption of a rule to guard against it. The facts do not show the necessity or utility of such rule as contended for, sufficiently to authorize the issue to be submitted.

The judgment is affirmed.

*Affirmed.*