**MURRAY v. HOUSTON CAR WHEEL & MACHINE CO. (No. 109–2954.)**

(Commission of Appeals of Texas, Section B. June 9, 1920.)

**Master and servant ☞278(20)—Evidence held to show breach of duty to warn.**

In an action by a foundry employé, injured while standing on a ladder shaken by a crane, so that he caught the rail on which the crane traveled with his hand, to save himself from falling, evidence *held* to warrant a finding that plaintiff's injury was due to the breach by defendant employer of its nondelegable duty to give warning of the crane's approach.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by W. W. Murray against the Houston Car Wheel & Machine Company. From a judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which reversed and remanded (181 S. W. 241), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed and remanded, on recommendation of the Commission of Appeals.

Presley K. Ewing, of Houston, and L. E. Blankenbecker, of New York City, for plaintiff in error.

Andrews, Streetman, Burns & Logue, of Houston, for defendant in error.

SADLER, P. J. We will refer to the parties as they were designated in the trial court. The plaintiff recovered judgment in the district court against the Houston Car Wheel & Machine Company, from which an appeal was perfected by defendant.

The Court of Civil Appeals first affirmed the judgment, holding that the evidence amply sustained the findings of the jury as to the violation of a nondelegable duty of the defendant in failure to warn plaintiff of the danger resulting in the injury. On rehearing, Judge Walthall dissenting, it set aside its former judgment, holding that Brown was not a vice principal as to plaintiff, and that the duty to warn did not rest upon defendant as nondelegable. 181 S. W. 241.

A careful reading of the opinions upon which the judgment is based manifests that the Court of Civil Appeals finds that the evidence on the issue of Brown's vice principalship is sufficient to support the finding of the jury as to those servants employed in his department. We construe the opinion on rehearing to be that on the facts disclosed Brown was not a vice principal as to Murray solely because his power to employ and discharge him was lacking.

A very careful review of the authorities touching the question of vice principal has satisfied us that the Court of Civil Appeals has failed to give the full legal effect to the evidence, and has been too restrictive in an application of the law to the facts. We will pretermit a discussion of this question, as we think that the more important question arises on the breach of a nondelegable duty to warn the injured party of the act of defendant which rendered unsafe the place assigned for his work.

On the question of the nondelegable duty of the defendant to furnish the plaintiff a safe place to work, and whether that duty incorporated within it the further duty of the master to warn the servant before doing any

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

act which rendered his position dangerous, we think the evidence presents the issue of a breach of that duty. It is true that Murray was using tools of the master which he selected, and was pursuing his own judgment in the manner of the performance of the work. However, the master had assigned the place where the work should be done. In the performance of that assignment it was incumbent upon Murray to be at the place and in the position occupied at the time of the injury. The master knew, or could have known, that the work was being done at this place and in the manner pursued. Murray was instructed to do this work at this place. The master knew, or could have known by the exercise of proper care, that, when the crane was in operation in the usual course of the business of the foundry, it would render unsafe the place at which Murray was working under the circumstances surrounding his position and the character of work being done.

The place and the manner of doing the work threatened no danger to Murray, so long as the crane was motionless. The place and position of Murray were rendered perilous only when the master, in the performance of the ordinary business of his foundry, used the crane in the performance of that business in its usual way. When the crane was moved, it caused the station where Murray was working to jar and shake to such an extent as to render insecure the ladder upon which he was standing and to make his position perilous. The master had knowledge of this fact, or could have known it. Murray did not know it. He had worked on the north side of the building in safety. He did not know of the effect produced upon the south side by the operation of the crane; nor did he know that the crane was to be moved while he was in the place assigned him to work.

Conceding that the building was safe for the ordinary purposes for which intended, and for the use to which it was being put, this will not relieve or excuse the master from the performance of a duty which he owed to an employé whom he placed at work under the circumstances surrounding Murray. The place where Murray was working was safe, so long as the crane was not in operation. This will not excuse the master for changing that condition of safety into one of peril, without exercising care for the servant. The place being safe when Murray began his work, he had the right to rest in confidence that it would so remain, or that, should the master desire to do some act rendering it un-

safe to him, he would be given an opportunity to take steps for his protection.

As we understand the doctrine of safe place, the master cannot change its character of safety to the peril of the unsuspecting servant, without presenting him with an opportunity to avoid the consequences which might result from the changed conditions. 51 L. R. A. 593, note at bottom first column; Jacques v. Mfg. Co., 66 N. H. 482, 22 Atl. 552, 13 L. R. A. 824. The duty devolved upon the company to protect Murray from transitory dangers which were brought into existence by the master in the usual course of operation of the plant, or at least to warn him of such danger in time to permit him to provide against it or escape its effect. Railway Co. v. Garrett, 73 Tex. 262, 13 S. W. 62, 15 Am. St. Rep. 781; Railway Co. v. Watts, 63 Tex. 549; Id., 64 Tex. 568; Railway Co. v. Hall, 78 Tex. 657, 15 S. W. 108; 16 R. C. L. p. 569, § 78.

We are of the opinion that under the facts of this case the evidence raised the issue of the duty of the master to exercise reasonable care to keep the place where Murray was working safe; also the duty to warn him of the contemplated movement of the crane, that he might have an opportunity of taking steps to avoid the consequences of the danger arising therefrom; that these duties are nondelegable; that they were incumbent upon the master. Houston Light & Power Co. v. Conley (Civ. App.) 171 S. W. 561.

On rehearing, the Court of Civil Appeals did not pass upon the sufficiency of the evidence, or hold that the judgment of the trial court is against the weight of the evidence, but erroneously applied the law to the facts.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for further proceeding in accordance with this opinion. Tweed v. W. U. T. Co., 107 Tex. 247, 166 S. W. 696, 177 S. W. 957.

PHILLIPS, C. J. We agree with the conclusion of the Commission of Appeals that there was evidence warranting the finding of the jury that the plaintiff's injury was due to the breach by the defendant of a nondelegable duty, and rest the decision upon that ground.

This holding makes immaterial the question as to whether the foreman was a vice principal, and we express no opinion upon that question.

The judgment of the Court of Civil Appeals is reversed and the case remanded to that court.