REAGAN, *Plaintiff in Error*, v. THE ST. LOUIS, KEO-
KUK & NORTHWESTERN RAILWAY COMPANY.

1. **Master and Servant:** DUTY OF MASTER TO MAKE RULES FOR
MANAGEMENT OF BUSINESS : NEGLIGENCE.    One who employs ser-
vants in a complex and dangerous business ought to prescribe rules
sufficient for its orderly and safe management, and his failure to
do so is a personal neglect, for the consequences of which he will
be liable to his servants.

2. ———: ———: ———: RAILROADS.    It is feasible and proper for a
railroad company to have some rules and regulations for the gov-
ernment of its employes in making flying switches, and in the
shunting and kicking of cars, for the warning of persons liable to
be injured ; and a petition which bases a charge of negligence upon
the company's failure to do so states a cause of action.

3. ———: ———: ———: ———: PRACTICE.    Whether the railroad
company was, in this case, guilty of negligence, in failing to pre-
scribe suitable rules, was a question for the jury.

*Error to Hannibal Court of Common Pleas.*—HON.
THEO. BRACE, Judge.

REVERSED AND REMANDED.

*R. M. Lakenan* for plaintiff in error.

(1)   The plaintiff, a water-boy and tool-keeper for
the construction train, being subject to the hiring and
discharge of the foreman of said construction train, the
said foreman was the vice-principal of the defendant,
and the defendant is liable to plaintiff for injuries sus-
tained by the negligence of said foreman.    *Brothers v.
Cartter*, 52 Mo. 372 ; *Gormly v. Iron Works*, 61 Mo.
492 ; *Whalen v. Centenary*, 62 Mo. 326 ; *Marshal v.
Schricher*, 83 Mo. 306 ; *Moore v. Railroad*, 86 Mo. 588 ;
*Stephens v. Hannibal*, 87 Mo. 221 ; *McDermott v. Rail-
road*, 87 Mo. 285 ; *Dowling v. Allen*, 88 Mo. 263 ; *Hoke*

*v. St. Louis,* 88 Mo. 360. As to youth, see *Sherman v. Hannibal,* 72 Mo. 62. (2) The failure of the defendant to provide rules, or signals, or systems, to be observed by engineers in operating its construction trains, was an efficient cause of the injury, for which the defendant is liable. Shear. & R. Negligence (3 Ed.) p. 123, sec. 93, citing *Vose v. Lancashire,* 2 Hurl. & N. 728. (3) The engineer was not a fellow-servant with the section foreman ( *Lewis v. St. Louis,* [59 Mo. 495 ; *Hall v. Railroad,* 74 Mo. 298), and, therefore, he was not a fellow-servant with plaintiff.

*Anderson & Foreman* with *P. Trimble* for defendant in error.

(1) It is wholly immaterial whether the foreman of the construction force was, at the time of the accident, a vice-principal, or not, of defendant, because the work required of plaintiff was clearly within the ordinary line of his duty, and, therefore, whatever danger there was connected with it was one of plaintiff's assumed risks as tool-keeper. The plaintiff was a minor, but not of tender years. He only lacked three months of being seventeen years old. He was of sufficient age to comprehend every ordinary danger connected with his employment. He was at the age of discretion. His minority cannot constitute a relevant fact in this case. Shear & Redf. on Neg. (2 Ed.) secs. 50, 97. (2) In this case the accident occurred from the jar and motion caused by the conjunction of the cars in process of making up the train. The joining of cars for such purpose is so common, necessary, and frequent, especially in the case of freight trains, that it cannot be said to involve any extraordinary risks, and no warning of such fact of joining is required by law, or is reasonably necessary or practicable. Shear & Redf. on Neg., sec. 93. (3) In answer to third point in brief of plaintiff, the decisions referred to by him do not touch this case. The engineer, or other

operatives of the moving engine and cars, in the matter of joining the cars, had no duty to perform that could make them vice-principals, and, therefore, their negligence, if any, could not give plaintiff any right of action against defendant. *Loughlin v. State*, 11 N. E. Rep. (N Y.) 371.

BLACK, J.—There was a judgment for the defendant in this case on a demurrer to the petition. To review that ruling, the plaintiff sued out this writ of error. The petition is lengthy, and we extract from it the following facts :

The plaintiff, a boy seventeen years old, was in the employ of the defendant. It was his duty to carry water for a gang of men engaged in repairing the roadbed, and to take charge of the tools used by them. They were all under the direction of a foreman. The foreman, laborers, and plaintiff traveled in a caboose-car attached to a freight train, composed of four or five cars. When the train stopped at a point near West Quincy, the engineer, fireman, and a brakeman, who were not under the control of the plaintiff's foreman, detached the engine, leaving the train standing on the main track, and went north, with a view of taking some freight cars from a switch and placing them in the train. In the meantime, plaintiff and his foreman examined the track south of the train, the caboose being at that end of the train. The foreman directed the plaintiff to go back and notify the laborers to get out with their tools and remove snow from the track. The boy obeyed the instructions, and assisted in getting the tools out of the car. After the men and tools were out, and just as he was getting off the rear platform, the engineer and brakeman shoved some cars down the main track, and against the standing train, knocking the plaintiff off the platform, and the caboose ran over him. The cars were shoved down the main track by the manœuver known as "kicking." Plaintiff's leg and arm were broken. The peti-

tion, then, among other things, contains the following allegations : "Plaintiff says that, until felled by said cars, as described, he was not aware of their approach, and had no reason to be aware of their approach. Plaintiff says that he was in nowise guilty of any negligence in the .premises. Plaintiff says that his said injuries were directly caused by and through the negligence of said defendant, directly resulting in said injuries to plaintiff, and, as and for said negligence, the plaintiff specifies the following particulars : *First*. The plaintiff says that the defendant negligently failed and omitted to provide any rules, or signals, or system, to be observed by said engineer in operating said locomotive and detached cars, so as to give to said occupants of said caboose-car, or to plaintiff thereon, some alarm, warning, or notice of the approach and impact of said detached cars, and thereby negligently caused plaintiff to be taken unawares and injured as described."

The ground of the demurrer is, that the petition does not state facts sufficient to constitute a cause of action. The charge of negligence, above set out, does not count on any negligent act of the engineer, fireman, or brakeman. It is not alleged, or claimed, that they, or either of them, were guilty of negligence. So far as this demurrer is concerned, no question arises as to an injury to one servant by the negligence of a fellow-servant. Whether the engineer and brakeman were, or were not, fellow-servants with the plaintiff, is, at this time, wholly immaterial, and not the question to be determined. The charge is, that the defendant negligently failed and omitted to provide, any rules, or signals, or system, to be observed in cases like that described ; so that it is not the act of the servant which is complained of, but the omission of duty on the part of the defendant itself. The duty of the master is stated in Shearman & Redfield on Negligence, section 93, as follows : " It is also

the duty of the master, so far as he can, by the use of ordinary care, to avoid exposing his servants to extraordinary risks, which they could not reasonably anticipate, though he is not bound to guarantee them against risks. One who employs servants in complex and dangerous business ought to prescribe rules sufficient for its orderly and safe management. His failure to do so is a personal negligence, for the consequences of which he is liable to his servants. Thus, a railroad company is bound to regulate the time and manner of running its trains, so as to avoid collisions, and to enable all its servants to know when a train may be expected, and thus to avoid danger.''

The defendant in error contends that the joining of the cars for the purposes and in the manner described in the petition is so common, necessary, and frequent, especially in the case of freight trains, that it cannot be said to involve any extraordinary risk. We do not agree to the proposition. It is certainly a complex business, requiring care, and must be dangerous, if not done under proper regulations, at least so far as other servants are concerned, whose business requires them to be in and out of the cars, liable to be jolted. In these cases of making a flying switch, and of shunting, or kicking, of cars, it is feasible and perfectly proper to have some rules and regulations to warn persons liable to be injured, and cases are not wanting where railroad companies have been held liable to servants for injuries received in consequence of a want of such regulations for the guidance of the servants in performing these manœuvers. *Bose v. Railroad*, 2 Hurl. & Nor. 728 ; and *Railroad v. Taylor*, 69 Ill. 461. The petition states a cause of action. Whether the defendant was, in this case, guilty of negligence, in failing to prescribe suitable rules, is a question for the jury.

The judgment is reversed and the cause remanded for further proceedings. All concur.