COONTZ v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

### Division One, May 14, 1894.

1. **Railroad:** MASTER AND SERVANT: DEFECTIVE MACHINERY: NEGLIGENCE. Where, in an action for injuries to the conductor of an engine by the breaking of a wheel of the tender, there was evidence of an old crack in the flange of the broken wheel which could have been discovered by a reasonably careful inspection, a demurrer to the evidence offered by the defendant was rightly overruled.

2. ———: ———: ———: ———: SUFFICIENCY OF EVIDENCE. Though the defendant was not liable if the wheel had been inspected with due care, and there was strong evidence that it was thus inspected, the supreme court can not say that a verdict for plaintiff should have been set aside because against the evidence, where there was evidence of the want of such care.

3. ———: ———: ———: ———. The negligence of the defendant's engineer in failing to properly inspect the wheels of the tender was the negligence of the company, and the company is liable for injuries to other servants caused by such neglect.

*Appeal from St. Charles Circuit Court.*—Hon. E. M. Hughes, Judge.

Affirmed.

*H. S. Priest* and *Wm. S. Shirk* for appellant.

(1) The court below erred in refusing to give defendant's instruction, in the nature of a demurrer to plaintiff's evidence, at the close of his case. If the engineer negligently performed this duty, it was the negligence of a fellow servant of plaintiff, and he can not recover. McKinney on Fellow Servants, p. 282; *Ragsdale v. Railroad,* 62 Tenn. 426; *Railroad v. Martin,* 17 Am. and Eng. R. R. Cases, 592; *McDonald v. Railroad,* 18 N. Y. S. (Sup.) Rep. 609; *Dodge v. Railroad,* 29 N. E. Rep. 1086; *Higgins v. Railroad,* 104 Mo. 413; *Sherrin v. Railroad,* 103 Mo. 378. (2) It is universally held that a conductor can not recover for the negligence of a brakeman working under him, for the reason that the brakeman is the subordinate of the conductor. So it is with the engineer, and so the evidence shows in this case. The same rule should apply to the negligence of one subordinate as to another. As to negligence of brakeman, see McKinney on Fellow Servants, p. 267, and list of cases cited in note 4; *Pilkenton v. Railroad,* 7 S. W. Rep. 805; *Railroad v. Andrews,* 50 Fed. Rep. 728; *Randall v. Railroad,* 109 U. S. 322; *Ragsdale v. Railroad,* 62 Tenn. 426. (3) There is no negligence shown. The engine had been in the shops at St. Louis for repairs about a month or six weeks before. The engineer examined and inspected the engine every morning, and the very morning of the accident he made the regular examination, and looked the engine over to see if it was all right. The only evidence of any negligence on defend-

ant's behalf, or any of its employees, is the mere fact that the accident occurred. This is not sufficient evidence of negligence. *Elliott v. Railroad,* 67 Mo. 272; *Murphy v. Railroad,* 71 Mo. 202; *Huffman v. Railroad,* 78 Mo. 54; *Gutridge v. Railroad,* 94 Mo. 468; *Railroad v. Hughes,* 119 Pa. St. 301. (4) The court erred in refusing to allow the witness Leathers to testify that engines, tenders and cars frequently leave the track without any ascertainable cause. It tended to throw light upon the question, whether, if there was a crack in the wheel, it was the cause of the tender leaving the track or not. (5) The verdict of the jury is so grossly against the evidence and the weight of the evidence, that it should not be allowed to stand. There can be but one cause for its rendition, viz., passion or prejudice on the part of the jury. The verdict is not based upon any substantial evidence whatever. *Reid v. Life Ins. Co.,* 58 Mo. 421; *Bank v. Armstrong,* 92 Mo. 265; *Hepley v. Railroad,* 88 Mo. 348; *St. L. B. Co. v. Bodeman,* 12 Mo. App. 573; *Clark v. Hairly,* 30 Mo. App. 335; *Peck v. Railroad,* 3 Mo. App. 125; *Whitsett v. Ransome,* 79 Mo. 258; *Spohn v. Railroad,* 87 Mo. 74; *Thrings v. Railroad,* 7 Robertson (N. Y.), 616.

*A. R. Taylor* for respondent.

(1) It was the engineer's duty to inspect and repair the machinery of the engine when on the road, and this was a duty the defendant as master owed to the plaintiff. *O'Mellia v. Railroad,* 115 Mo. 211. (2) The foregoing duty the defendant could not delegate to a servant so as to exempt himself from liability for injuries caused to another servant by its omission. Indeed, no duty required of him for the safety and protection of his servant can be transferred so as to exonerate him from such liability. *Railroad v. Herbert,*

116 U. S. 647; *Flike v. Railroad*, 53 N. Y. 549; *Corcoran v. Holbrook*, 59 N. Y. 517; *Fuller v. Jewett*, 80 N. Y. 46; *Pantzer v. Iron Co.*, 99 N. Y. 368; *Ford v. Railroad*, 110 Mass. 240; *Shanney v. Mill Co.*, 66 Maine, 420; *Bessex v. Railroad*, 45 Wis. 477; *Railroad v. Conroy*, 68 Ill. 560; *Drymola v. Thompson*, 26 Minn. 40; *Blanton v. Dold*, 109 Mo. 75; *Gutridge v. Railroad*, 105 Mo. 528; *Bowen v. Railroad*, 95 Mo. 278; *Browning v. Railroad*, 24 S. W. Rep. (Mo.) 731. (3) Of course, where the master delegates the duty of inspection and repair to a servant, if, by the exercise of due care in inspection such servant could have discovered such defect, then such fact imparts notice to the defendant master. *Covey v. Railroad*, 86 Mo. 641; *Porter v. Railroad*, 71 Mo. 79.

BLACK, P. J.—This is an action for personal damages. The pleadings are the same as they were when the case was here on a former appeal (115 Mo. 669), with the exception that the petition was amended so as to admit evidence of loss of earnings. The case was submitted to the jury on the last trial on these issues: whether the wheel of the engine tender was cracked so as to render it unfit for use, and whether the defendant knew, or by the exercise of ordinary care might have known, of the unsafe condition of the wheel in time to have repaired it, and thereby avoided the injury. All other issues tendered by the petition were instructed out of the case.

The assigned errors to be considered are: that the court erred in overruling the defendant's demurrer to the plaintiff's evidence; that the verdict, which was for plaintiff, is in flagrant disregard of the evidence; and that the negligence shown, if any, was the negligence of a fellow servant.

At the time of the accident the plaintiff was in the

employ of the defendant as conductor on an engine used to push trains over a hill between Pacific and Labadie. The crew was composed of himself, an engineer, a fireman and brakeman. In going west from Pacific to meet a train at Labadie the flange of a wheel of the tender broke and the engine and tender were thrown from the track and down an embankment, breaking the plaintiff's hip. The engine was used both day and night, the plaintiff being the conductor of the day crew. At the time of the accident the engine was running on an up grade at twenty or thirty-five miles per hour with the tender in front. The plaintiff had nothing to do with the machinery. It was the duty of the engineer to inspect the engine and see that it was in repair and fit for use. The engine had not been in the shops for a general overhauling for a year and over, though it had been in the shops for some repairs ten days or two weeks before the accident.

For the plaintiff Mal Hollard gave evidence to the following effect: He and Coleman and Jackson went to the place of the accident fifteen or twenty minutes after the accident occurred. They walked along the track in the direction in which the engine was moving when derailed. They found on the track a piece of iron or steel which they picked up and examined, and one of them threw it aside among the weeds. He says it was a piece of the flange of the broken wheel and was from three to six inches long. It disclosed an old rusty crack which extended into the wheel "half or three quarters of an inch or may be an inch or inch and a half." He says they found this piece of the flange before they came to the place where the ties were broken. The evidence of Jackson corroborates that of Hollard. Another witness testified that he had been a car inspector for five years. According to his evidence car wheels are inspected by sight, and also by

sound from the use of a hammer. He says a crack like that described by Hollard could be discovered by sight or sound, by sight if not filled with rust, and if filled with rust and dust then by striking the wheel with a hammer.

For the defendant the day and the night engineers in charge of this engine testified that they inspected the engine and tender twice every day. They made the inspection because it was their duty to do so and for their own safety. They did not use a hammer, but examined the wheels by sight, the night engineer using a torch. They found and knew of no crack in any of the wheels. The machinery, they say, was in good repair. Two other witnesses say they found and gathered up several broken pieces of the flange. The broken parts were bright and fresh. One of them examined the wheel and found no indications of an old crack. Another witness says he inspected the wheels of the tender and engine when in the shops, ten days or two weeks before the accident. He made the inspection by going around and under the engine and tender and by throwing a torch light around the flanges and by running his hand around the flanges also. He used a torch because it was dark in the shops, or dark at least under the engine. He found no cracks or defects in any of the wheels. This witness and several others say a crack like that described by the plaintiff's witnesses could not be detected by striking the wheel, when under the engine, with a hammer.

1. The testimony on both sides of this case tends to show that the tender jumped the track because of the broken flange. Now, the evidence of Hollard and Jackson is that they found a piece of the flange, and that this piece showed an old rusty crack. The mere

fact that the flange had an old crack in it would not make the defendant liable, but other evidence produced by the plaintiff goes to show that this defect in the wheel could have been discovered by a reasonably careful inspection. The plaintiff's evidence, therefore, tends to show a defective and unsafe wheel, and that this defect might have been discovered by the use of ordinary care. We think the demurrer to the plaintiff's evidence was properly overruled. The case was deemed a proper one for the jury by division two on the former appeal, and the evidence seems to be in substance the same now as then.

2. Nor can we say that the verdict should have been set aside because against the evidence. The defendant, it is true, produced much evidence, and, to our minds, very strong evidence, to the effect that the wheel had been inspected with due care; and, if it had been thus inspected, the verdict should have been for the defendant, though the defect was not discovered; for, as between master and servant, the master is only in duty bound to use ordinary care to see that the machinery and appliances are safe and fit for use. But in this case there was evidence, produced by the plaintiff tending to show the want of such care. The question of negligence on the part of defendant was, in the end, one of weight of the evidence, and that was a question for the jury.

3. The next contention made under the demurrer to the plaintiff's evidence, and renewed at the close of all the evidence by a refused instruction, may be stated in these words: It was the duty of the engineer to inspect the engine, and the negligence of the engineer in failing to discover the crack in the flange of the wheel was the negligence of a fellow servant.

It was said on the former appeal that there was no question of fellow servant in the case, and we agree to

what was then said on that subject. It is the duty of the master to provide his servants with safe and suitable machinery and to keep the same in repair. He is not, however, an insurer of the safety of the machinery, but he must use ordinary care in providing and keeping it in repair. 93 Mo. 85; 82 Mo. 430; 86 Mo. 635; 105 Mo. 526. This duty to provide safe machinery and keep it in repair is a personal duty which the master assumes by the contract of employment. He can not relieve himself of liability to his servants for injuries caused by a failure to perform this duty by delegating it upon a servant. The servant, in providing machinery and seeing that it is kept in repair, represents the master, so that the master is liable for any negligence of the servant in that respect. *Porter v. Railroad*, 71 Mo. 66; *Covey v. Railroad*, 86 Mo. 641; *Murray v. Railroad*, 98 Mo. 576; *Bowen v. Railroad*, 95 Mo. 278; *Railroad v. Herbert*, 116 U. S. 642. As said in the case last cited: "It is equally well settled, however, that it is the duty of the employer to select and retain servants who are fitted and competent for the service, and to furnish sufficient and safe materials, machinery, and other means, by which it is to be performed, and to keep them in repair and order. This duty he can not delegate to a servant so as to exempt himself from liability for injuries caused to another servant by its omission. Indeed, no duty required of him for the safety and protection of his servants can be transferred, so as to exonerate him from such liability."

Enough has been said to show that the negligence of the engineer in failing to properly inspect the wheels of the tender was the negligence of the defendant, and the defendant is liable for injuries to other servants caused by such neglect. The fact that the plaintiff and the engineer were fellow servants is wholly immaterial. The judgment is, therefore, affirmed. All concur.