## ALFRED M. POINDEXTER, Respondent, v. BENE- DICT PAPER COMPANY, Appellant.

### Kansas City Court of Appeals, April 30, 1900.

1. **Negligence, Contributory:** ELEVATOR SHAFT. In a business house each employee used a freight elevator as his duties required. Plaintiff, who used it every day, ran it to the third story to secure some merchandise and leaving the bar up which closed the shaft, went in search of the goods and returning placed some on the elevator. He then went for others still leaving the bar up and the shaft open. And returning hastily without the goods, he without examination stepped into the shaft and was precipitated to the bottom, the elevator having been removed by another employee. *Held,* he can not recover even though the light was bad, since in such event he should have been the more careful.

2. ———: ———: RULES: COMMON PRUDENCE. One employing servants in a complex and dangerous business should establish rules for its conduct and where the absence of such rules is the proximate cause of the injury he will be liable; but a rule is not intended to displace ordinary prudence.

Appeal from the Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

REVERSED.

*James A. Plotner* and *Frank Hagerman* for appellants.

(1) The undisputed physical facts show that there could have been no lack of light, and physical facts must control. Spohn v. Railroad, 87 Mo. 74; Nugent v. Milling Co., 131 Mo. 241; Gurley v. Railroad, 104 Mo. 211; Watson v. Coal Co., 52 Mo. App. 366; Kelsay v. Railroad, 129 Mo. 376. (2) Failure to provide rules was not the proximate cause of plaintiff's injury. Shearman & Redfield on Negligence [5 Ed.], sec. 202; Rutledge v. Railroad, 123 Mo. 121. (3) There was no evidence to submit to a jury as to the necessity or practicability of a rule requiring a signal to be given to a person situated as plaintiff was. Morgan v. Iron Co., 31 N. E. Rep. 234; Berrigan v. Railroad, 30 N. E. Rep. 57; Kudik v. Railroad, 29 N. Y. Supp. 533; Forey v. Railroad, 122 N. Y. 667; Railroad v. Graham, 31 S. E. Rep. 604; Railroad v. Voss, 41 Atl. Rep. 224. (4) Plaintiff had been familiar with the condition of the elevator shaft and the manner of using the elevator for months. He therefore assumed the risk. Epperson v. Telegraph Co., 50 S. W. Rep. 795; Thompson v. Railroad, — Mo. App. ——; Fugler v. Bothe, 117 Mo. 475; Berning v. Medart, 56 Mo. App. 443; Jackson v. Railroad, 104 Mo. 448; Thomas v. Railroad, 109 Mo. 187, 200; Junior v. Electric Co., 127 Mo. 79; Steinhauser v. Spraul, 127 Mo. 541; Lucey v. Oil Co., 129 Mo. 32, 40; Nugent v. Milling Co., 131 Mo. 241; Holloran v. Foundry Co., 133 Mo. 470. (5) Plaintiff was guilty of contributory negligence. He should have lowered the bar across the shaft before leaving it to go into the building across the alley. (6) If the shaft was so dark that he could not see whether the elevator was at the third floor, then he should have used other means of ascertaining before he stepped in, since he knew that other employees were in the habit of removing the elevator. Taylor v. Mfg. Co., 3 N.

Vol. 84 app—23

E. Rep. 21; Diebold v. Baking Co., 72 Hun. 403; Rood v. Mfg. Co., 155 Mass. 590, 594; Robinson v. Wright, 94 Mich. 283, 286.

*E. E. Porterfield* and *Charles R. Pence* for respondent.

(1)   The undisputed physical facts show that it must have been very dark in and about the elevator shaft, and the weight of the testimony was to that effect.   (2)   Failure to provide rules was a proximate cause of the injury, concurring with the dangerous condition of the elevator.  See Reagan v. Railway, 93 Mo. 384; Foster v. Railway, 115 Mo. 165; Rutledge v. Railway, 123 Mo. 121; Francis v. Railway, 127 Mo. 658.   And there was ample evidence of the necessity and practicability of a rule requiring signals to be given in the use of the elevator.   (3)   Plaintiff did not assume the risk of dangerous and unsafe appliances, which were so by reason of defendants' negligence or omission of duty; nor of the defendants' negligence in failing to use reasonable diligence in adopting and enforcing necessary rules, unless the danger arising therefrom was so great that a prudent man would not incur it.   Conroy v. Iron Works, 62 Mo. 35; Keegan v. Kavanaugh, 62 Mo. 232; Stoddard v. Railway, 65 Mo. 514, 520, 521; Devlin v. Railroad, 87 Mo. 545; Thorpe v. Railway, 89 Mo. 650; Huhn v. Railroad, 92 Mo. 440; Stephens v. Railroad, 96 Mo. 207; Soeder v. Railroad, 100 Mo. 673; Shortel v. St. Joseph, 104 Mo. 120; Mahaney v. Railroad, 108 Mo. 191; Hamilton v. Min. Co., 108 Mo. 376; O'Mellia v. Railway, 115 Mo. 205; Settle v. Railway, 127 Mo. 336; Francis v. Railway, 127 Mo. 658; Helfenstein v. Medart, 136 Mo. 595 (inst. 5 at p. 607); Bender v. Railroad, 137 Mo. 245; Bradley v. Railroad, 138 Mo. 306; Doyle v. Trust Co., 140 Mo. 19; Fogus v. Railway, 50 Mo. App. 250; McMullen v. Railway, 60 Mo. App. 231 (original and re-hearing opinions); Warner v. Railroad, 62 Mo. App. 184; Smith v. Coal

Co., 75 Mo. App. 177; Booth v. Railway, 76 Mo. App. 516.
(4)   Plaintiff was not guilty of contributory negligence as
a matter of law, and the jury have found that he was not as a
matter of fact.   Fink v. Fur. Co., 10 Mo. App. 61, 75; Tay-
lor v. Railroad, 26 Mo. App. 336, 340; Norton v. Ittner, 56
Mo. 351; Kelly v. Railroad, 70 Mo. 604; Nagel v. Railroad,
75 Mo. 653, 665 (see arg. div. 4).

ELLISON, J.—Prior to and after July 23, 1894, plain-
tiff was in the employ of defendants, who were paper dealers,
under the name of the Benedict Paper Company.   Plaintiff
was engaged, during his service with defendants, in different
capacities about the building; and on the day aforesaid, he
was acting as order clerk.   In getting goods that day from
the third floor, he fell down the elevator shaft to the lower
floor, sustaining painful injuries.   He obtained judgment in
the circuit court.

The petition is grounded on the alleged negligence of
defendants in maintaining the elevator at a point where the
natural light was excluded and in failing to provide artificial
light; that in so maintaining the elevator defendants failed to
provide any rules regulating its use.   In disposing of this
case, we will assume that the evidence in plaintiff's behalf,
consisting mainly of his own testimony, states the facts as to
the accident and its cause.   In so considering the evidence
we find that it discloses he has no cause to lay his misfortune
to the charge of defendants.

The elevator was what was known as a freight elevator
and was handled or run by each employee as he might wish to
use it in going from one floor to another about the business of
the house.   It was worked by a rope.   It had a wooden bar
at the opening to the shaft on each floor, which was placed
across the opening when the elevator was not at such opening.
This effectually prevented any one from falling or walking
into the shaft.   On the occasion of plaintiff's injury, at about
2 o' clock P. M. of a clear day, he had conveyed himself on the

elevator to the third floor to get two styles of wash-boards with which to fill an order and take them down on the elevator. He got out at the third floor and left the bar up.   He went to the rear end of the building, crossed in a covered causeway over an alley to another building to where the goods were stored, being a distance of seventy-five or eighty feet.   He could find only one style of wash-boards which he brought and placed on the elevator, being gone about three minutes.   In order to be certain that there was but one style, he returned to the same place, still leaving the bar up. He could not find the other style and again returned to the elevator in a rapid walk, being gone this time about one minute.   He stated that on approaching to within about twenty feet of the shaft he slackened his pace and went up to the opening, looked, thought he saw the elevator there and stepped into the open shaft, fell to the ground floor and received the injuries stated.   While he was absent the last time some employee on one of the lower floors went to the shaft and lowered the elevator by pulling the rope with which it was run.   Plaintiff stated that on account of the windows being smoky and unclean they let in very little light on that floor and that this was, in great degree, prevented from reaching the elevator by reason of an obstruction made by some Webb presses reaching up, probably, to within three or four feet of the ceiling.   That there was no artificial light and in consequence he could not see so as to notice that the elevator had been taken away.   He was perfectly familiar with the elevator and its use, using it himself every day.   It was run from one floor to another seventy-five or eighty times every day.   He knew the purpose of the bar was to close over the opening to prevent any one from stepping into the shaft.   When asked how an employee who wanted the elevator could tell if it was in use, if on another floor, he stated that such employee would rattle the rope or halloa into the shaft.   He practically conceded that he could not hear such signal while back in the other building.

If this were a case where the plaintiff had walked into the shaft, not knowing, on account of the darkness, that he was approaching it, he would have had some excuse for a claim of damages. But here, he knew the position of the shaft and that he had left it unguarded. He knew that frequently the elevator was taken away by employees while in the use of another. Giving him credit for the slightest intelligence and forethought, he must have known when he left it to go into the other building, that it might be taken away by some other person, and yet he went off without lowering the bar and returned to walk carelessly in the open shaft. If it was so dark that he could not see, that does not aid him. For if that was true, he, knowing he was approaching a dangerous place which he had left unguarded, should have employed his sense of touch and felt for the elevator. He says that he returned to the elevator in a great hurry; and the truth is, as every inference from the record shows, that he carelessly bolted right into the open shaft, supposing the elevator was there. His misfortune would have never befallen him if he had been in the least degree prudent. If he had put down the bar it would have caused him to stop at the shaft and thus discover the absence of the elevator; or, if, leaving the bar up, he had looked with any degree of care, he would, of course, have noticed that it was not in place.

It is contended in his behalf, that defendants should have had rules regulating the use of the elevator for the protection of the employees. It is the law in this state that where one employs servants in a complex and dangerous business, he should regulate the business by rules, and where the absence of such rules is the proximate cause of the injury, he will be liable. Reagan v. Railway, 93 Mo. 348; Foster v. Railway, 115 Mo. 165; Rutledge v. Railway, 123 Mo. 121; Francis v. Railway, 127 Mo. 658. But one is not entitled to a rule forbidding him from walking off of a precipice or into an empty elevator shaft. The cases, just cited, requiring rules for the

operation of the dangerous and complex business of a railway would not excuse an employee who should throw himself in front of a moving car. A rule is not intended to displace ordinary prudence.

Plaintiff's case shows that he has no legal cause of complaint and the judgment will therefore be reversed. *Smith, P. J.,* concurs; *Gill, J.,* absent.