OSCAR WILLIAMS v. FARMERS MANUFACTURING COMPANY.

(Filed 22 September, 1920.)

1. **Employer and Employee—Master and Servant—Negligence—Duty of Servant.**

    Where the employer and employee have equal opportunity to see and understand the danger of an occurrence, which results in injury to the latter, which he could have avoided by the exercise of reasonable care, he cannot recover the resulting damages.

2. **Same—Instructions—Evidence—Contributory Negligence—Verdict Directing.**

    In an action by an employee to recover damages against an employer for a personal injury, alleging the latter's negligence, there was evidence tending to show that the plaintiff was engaged to saw logs after they had been placed by defendant's other employees, in his own way, and while sawing a log it rolled on him causing the injury complained of by reason of its not having been checked, which he could have done, or by his failing to call on other employees, whose duty it was to fix it; and that he could have placed himself in such position with reference to the log that the injury would not have occurred: *Held,* a question for the jury under an instruction to find for the defendant, upon the issue of contributory negligence, if they found the facts to be as testified.

CIVIL ACTION, tried before *Cranmer, J.,* at March Term, 1920, of GATES, upon these issues:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged? Answer: 'Yes.'

"2. Did plaintiff assume the risk of his injury, as alleged in the answer? Answer: 'No.'

"3. Did the plaintiff contribute to his own injury, as alleged? Answer: 'No.'

"4. What damages is the plaintiff entitled to recover? Answer: '$2,500.' "

*B. L. Banks and Ehringhaus & Small for plaintiff.*
*Meekins & McMullan for defendant.*

BROWN, J. The evidence tends to prove that the plaintiff was injured while working for the defendant upon its logging yard in Gates County. The plaintiff and Mills Eure were sawyers, their duties being to saw into shorter lengths the logs pulled in by the skidder and placed upon the yard. On the afternoon of the plaintiff's injury a log was pulled in by the skidder and placed diagonally across another log, whereupon John Hinton, a skidder man, as was customary, called out "log placed." The plaintiff, together with Mills Eure, soon after went to the log for the purpose of sawing it, and after the log had been sawed in two, the long end of the log, being the end on plaintiff's side of the supporting log, rolled down upon plaintiff and broke his leg. Plaintiff, at the time of this occurrence, was upon the side of the saw next to the rolling log. There was nothing to prevent the plaintiff from seeing that the log was not "chocked" or held by grab irons at the time he began to saw it, and nothing, upon the testimony, which required him to stand until the log was completely severed on the side of the saw next to the rolling log, instead of on the far side of the saw, where his position would have been safe. Plaintiff, at the time of the injury, was not acting under the directions of a superior, but was doing the work in his own way. There was nothing to prevent his "chocking" the log if same was necessary, or to request that it be done by the loading crew whose duty he testified it was, or to request that the position of the log be steadied or changed by grab irons.

Defendant in apt time requested the court to charge the jury as follows:

"If you find from the evidence in this case, and by its greater weight, that, at the time of his injury, the plaintiff knew, or by the exercise of his ordinary powers of observation, could have known that the log which he was engaged in sawing was not "chocked"; or if you find by the

5—180

greater weight of the evidence that the plaintiff, by the exercise of ordinary care in stepping to the other side of the log, or otherwise, could have avoided the injury, then, in either of these events, you will answer the third issue 'Yes.'" Denied, and defendant excepted.

We think the prayer should have been given. The testimony tended to prove that plaintiff could have easily seen that the log was safely placed for sawing, and that, had he requested it, the loading crew and skidder man would, by use of grab irons, have placed it in proper position. No such request was made. This was customary, and it was further customary in pulling in the logs to deposit them upon the yard, leaving the question of whether they could be sawed safely to be determined by the sawyer himself when he came to perform the work. This view of the case should have been presented to the jury under the issue as to contributory negligence. If these facts are found to be true, plaintiff contributed to his own injury, and his negligence was the proximate cause of the injury.

It was plaintiff's plain duty to take notice of the log, and to see it was properly chocked. He owed this duty to himself. It was not a primary duty of the master.

As is said in *Pigford's case,* 160 N. C., 93: "It may be assumed that the law does not impose on the master any duty to take better care of the servant than the latter should take of himself, their respective obligations in this respect being equal and the same: that is, to be careful, and to adjust their conduct to the standard of the ordinary prudent man."

If plaintiff has exercised ordinary care he could have seen, if the evidence is believed, that the log was not "chocked." If he had chocked it himself, or had waited until the loading crew chocked it, he would not have been injured.

The rule of law is well settled that when the danger is of such nature that it can be seen and understood as well by the servant as by the master, and that the servant, by reasonable care, can avoid the injury, it is his duty to do so. If he fails to exercise such care and diligence, he is guilty of contributory negligence, and cannot recover. *Covington v. Furniture Co.,* 138 N. C., 374; *Mincey v. R. R.,* 161 N. C., 469.

New trial.