MAGGIE SCOTT v. WESTERN UNION TELEGRAPH COMPANY, LAMBETH REALTY COMPANY, AND ROY WILLIAMS.

(Filed 6 June, 1930.)

1. **Negligence C a; Master and Servant C g, D d—In this case held: contributory negligence of plaintiff barred his right to recover.**

    Where in an action against an employer and a messenger boy and the telegraph company employing the messenger boy, the plaintiff's evidence tends to show that her intestate was employed to operate an elevator, and that he left the elevator at the ground floor for a few minutes, and that during his absence the messenger boy moved it to another floor, and that the intestate, hearing the elevator bell ring, ran down a lighted corridor and jumped into the empty shaft without looking when the danger was obvious and could have been easily ascertained: *Held,* the plaintiff's own evidence establishes the negligent failure of the intestate to exercise due care for his own safety, and his failure to do so being a proximate cause of the injury, he is barred from recovering from any of the defendants, and the alleged negligence of the employer in failing to provide a safety device for the elevator, and the action of the messenger boy in moving the elevator, will not warrant a recovery, and the defendant's motion as of nonsuit is properly allowed.

2. **Negligence D c—Where contributory negligence is a proximate cause of the injury nonsuit is proper.**

    It is not necessary that the contributory negligence of the plaintiff be the sole proximate cause of the injury in order to bar his right to recover, but it is sufficient if his contributory negligence is one of the efficient, proximate causes of the injury, and where the plaintiff's own evidence establishes such contributory negligence a nonsuit is proper, although the burden of proving contributory negligence is upon the defendant.

APPEAL by plaintiff from a judgment of nonsuit given by *Sink,* *Special Judge,* at March Term, 1930, of MECKLENBURG. Affirmed.

Action for the recovery of damages for personal injury resulting in death. The Lambeth Realty Company owned a building in Charlotte known as the Builders Building and employed Henry Scott, plaintiff's intestate, to operate one of the elevators. On 13 April, 1929, about three o'clock in the afternoon, Scott brought the elevator to the first floor of the building. One side of the corridor on the first floor is occupied by a smoke shop or lunch room, and between the elevator and the smoke shop there is a hallway. At the rear of the smoke shop is a door which affords access along the corridor to the elevator shaft. After stopping the elevator Scott left it unattended, with the door open and the light burning, and went to the smoke or lunch room, distant 35 or 40 feet, to get a sandwich. While he was away the defendant, Roy Williams, a messenger of the Western Union Telegraph Company, came into the building, and seeing no one attending the elevator, he got in it and moved it to an upper floor. Scott was in the lunch room about two minutes. Hearing the ringing of the elevator bell, he hurried along the corridor towards the elevator shaft. The elevator had not returned to the first floor; the enclosure was open; the bell was ringing. Scott "came right out of the smoke shop . . . and straight on down and run in the elevator shaft." He fell to the basement, and when a witness went there he found him "dead or dying." The injury he suffered caused his death.

The plaintiff contends:

1. That the defendant, Roy Williams, was guilty of actionable negligence in moving the elevator to an upper floor, without shutting the elevator door or enclosure, leaving the elevator shaft at the first floor open and unattended.

2. That the defendant telegraph company is liable for the aforesaid negligent conduct of Roy Williams, its messenger boy, because at the time he was acting within the scope of his employment and in furtherance of his employer's business.

3. That the defendant, Lambeth Company, was guilty of actionable negligence in that it failed to equip its said elevator with an appliance known, approved and in general use on 13 April, 1929, an "electric interlock," which makes it impossible to move an elevator from a floor at which it is stopped unless and until the outer enclosure is first shut and fastened.

The defendants contend:

1. That the plaintiff's intestate was guilty of contributory negligence which bars the plaintiff's recovery.

2. The Western Union Telegraph Company contends that it is not liable for the negligence of Roy Williams because he was acting outside the scope of his employment and not in furtherance of his employer's business.

3. The Lambeth Realty Company contends that if it was negligent, its negligence was not the proximate cause of the injury.

*D. B. Smith and Stewart, McRae & Bobbitt for plaintiff.*

*Francis R. Stark and Tillett, Tillett & Kennedy for Western Union Telegraph Company.*

*J. Laurence Jones and Ralph V. Kidd for Lambeth Realty Company.*

ADAMS, J. The judgment of nonsuit, we take it, was based upon the theory that the contributory negligence of the intestate bars the plaintiff's recovery of damages. Upon no other principle can we sustain the judgment in behalf of all the defendants. As the burden of showing contributory negligence ordinarily rests upon the defendants, we must decide whether the plaintiff's evidence establishes this defense. If it does, the judgment must be affirmed.

In *Covington v. Furniture Co.,* 138 N. C., 374, the Court, quoting Labatt, 333, gave the following statement of the rule which controls in the present case: "The general rule of law is 'that when the danger is obvious and is of such a nature that it can be appreciated and understood by the servant as well as by the master or by any one else, and when the servant has as good an opportunity as the master or any one else of seeing what the danger is, and is permitted to do his work in his own way and can avoid the danger by the exercise of reasonable care, the servant cannot recover against the master for the injuries received in consequence of the condition of things which constituted the danger. If the servant is injured it is from his own want of care. . . . The rule is especially applicable when the danger does not arise from the defective condition of the permanent ways, works, or machinery of the master, but from the manner in which they are used, and when the existence of the danger could not well be anticipated but must be ascertained by observation at the time.' "

The intestate was grown, married, and experienced in the operation of electric elevators. The danger to which he was exposed was obvious; it was as easily discernible by himself as by any other person; he was permitted to do his work in his own way; it was his duty to make use of his faculties; and if he had done so he would have avoided the danger and have prevented the injury. In returning from the lunch room not only did he run, according to the testimony of an eye-witness he "jumped into the elevator shaft and got killed." The way was open;

the corridor was "quite light." The law does not impose on the employer any duty to take better care of his employee than the latter should take of himself. *Pigford v. R. R.,* 160 N. C., 93, 101. Indeed, without the employer's knowledge the employee rushed voluntarily and heedlessly into a place of unconcealed danger from which an attentive glance would no doubt have saved him.

In the application of this principle to varying facts in suits for the recovery of damages for injury or death resulting from a fall in an elevator shaft, the weight of authority is in support of the judgment rendered by the trial court. Several of the leading cases are cited in the briefs. Instead of entering into an elaborate discussion of them we need only say that the facts disclosed by the plaintiff's evidence justify the conclusion of the trial court. The reason is thus stated in *Kauffman v. Machine Shirt Co.,* 140 Pac., 15. "Nor is the situation helped by the allegation that when he returned the elevator and shaft were to all appearance in the same condition in which he left them. There is no statement that he looked or that if he had looked there was any physical reason why he could not have seen that the elevator had been moved. In the absence of any such showing, the court must assume that 'to look was to see,' and that if he had looked he must have noticed the danger. One may not thus heedlessly disregard the commonest precautions for his own safety."

The basic principle of this decision is upheld in *Murry v. Earl,* 128 At., 436; *Poindexter v. Paper Co.,* 84 Mo. App., 352; *Gallagher v. Snellenburg,* 60 At., 307; *Sodomka v. Cudahy,* 163 N. C., 809; *Stanwood v. Clancey,* 75 At., 295; *Johnson v. Washington Route,* 209 Pac., 1100.

The intestate's negligence need not have been the sole proximate cause of the injury; if his negligence was one of the proximate causes the plaintiff is not entitled to judgment against the defendants or either of them. *Lunsford v. Mfg. Co.,* 196 N. C., 510. The motion for nonsuit was made at the close of the plaintiff's evidence; and as this evidence shows contributory negligence on the part of the intestate the plaintiff cannot recover. *Nowell v. Basnight,* 185 N. C., 142; *Foard v. Power Co.,* 170 N. C., 48. The conduct of the intestate, from which only one inference can reasonably be drawn, brings the plaintiff's case within the principle adhered to in *Royster v. R. R.,* 147 N. C., 347; *Williams v. Mfg. Co.,* 180 N. C., 64; *Pope v. R. R.,* 195 N. C., 67. Judgment is

Affirmed.