FRANK S. SMITH AND T. C. SMITH v. CORPORATION COMMISSION
OF NORTH CAROLINA ET AL.

(Filed 20 May, 1931.)

APPEAL by defendants from *McElroy, J.,* at April Term,. 1931, of
BUNCOMBE. Affirmed.

*Johnson, Smathers & Rollins for appellants.*
*Ward & Allen for appellees.*

PER CURIAM. In January, 1926, Charles E. Outcalt executed a deed
of trust on real property to Charles G. Lee, as trustee, to secure nine
promissory notes aggregating $67,500. The plaintiffs held three of the
notes in the respective sums of $5,000, $7,500, and $10,000. The trustee
gave notice that the land would be sold under the deed of trust at 12
o'clock on 30 June, 1930, at the courthouse in Asheville; and at that
hour he adjourned the sale until noon the next day. The sale was made
at the time last mentioned and the highest bid was $500. The property
was reasonably worth $10,000. The bidder assigned his bid to B. H.
Arbogast, Inc., which was a subsidiary or holding company of the
Central Bank and Trust Company, by whom it was controlled. The
Central Bank and Trust Company is the owner of the other notes.

Upon the agreeed facts the General County Court adjudged the sale
invalid and the judgment was affirmed by the Superior Court on
appeal. This is a case in which the strict letter of the law, if favorable
to the appellants, should yield to equities by which justice to all parties
may be administered. Judgment
Affirmed.

————

M. M. FORTENBERRY v. HICKORY FLOUR AND FEED
COMPANY, INC.

(Filed 20 May, 1931.)

APPEAL by plaintiff from *MacRae, Special Judge,* at February Special
Term, 1931, of CATAWBA.

Civil action by plaintiff, an employee of the defendant, to recover
damages for an alleged negligent injury caused by falling about nine
feet down an elevator shaft.

According to plaintiff's testimony, the elevator which was used in
moving  hay. and feed from one floor to another, was equipped with

gates and bars, but these had been discarded by the employees. Plaintiff had used the elevator daily for five years, and was permitted to exercise his own judgment in doing his work. He was engaged in loading a truck with hay from the second floor of the building when he fell and was injured. He stepped over three or four bales of hay into the open shaft, without looking, as he mistakenly thought the elevator was there.

After being out three weeks, plaintiff returned to his job and continued working for the defendant for eleven months thereafter when he was dismissed and this suit was instituted.

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*D. L. Russell and D. L. Russell, Jr., for plaintiff.*
*M. H. Yount for defendant.*

PER CURIAM. A careful perusal of the record leaves us with the impression that no error was committed by the trial court in nonsuiting the case. *Scott v. Tel. Co.,* 198 N. C., 795, 153 S. E.. 413.

Affirmed.

---

APPEAL FROM SUPREME COURT OF NORTH CAROLINA PASSED
UPON IN SUPREME COURT OF THE UNITED STATES

---

State *ex rel.* Maxwell v. Hans Rees' Sons (199 N. C., 42).
Reversed.